UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Daniel Ajeigbe | Justin Okun, AUSA | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 19, filed December 4, 2015)

## I.   INTRODUCTION

On November 22, 2015, plaintiff Venessa King ("plaintiff"), individually and as the purported successor in interest of decedent Edwin Hotmire ("decedent"), filed the operative First Amended Complaint against defendant United States of America ("defendant").  Dkt. 16 ("FAC").  Plaintiff has brought suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) et seq., and asserts the following five "counts" against defendant: (1) negligence, (2) wrongful death, (3) "vicarious liability, *respondeat superior*, ostensible agency and/or agency," (4) "negligence under *res ipsa loquiter*," and (5) negligent infliction of emotional distress.  The Court construes plaintiff's five "counts" as collectively asserting only three claims: first, a survival claim pursuant to California Code of Civil Procedure section 377.30;[1] second, a wrongful death

---

[1] Defendant argues, and plaintiff does not appear to disagree, that plaintiff's "count" for negligence is more properly construed as a survival action because the FAC alleges that plaintiff is authorized to bring this suit under California Code of Civil Procedure section 377.30, which provides that "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."  Defendant further argues—and again, plaintiff does not disagree—that plaintiff's fourth "count" for "negligence under *res ipsa loquitor*" is superfluous, as *res ipsa loquiter* is simply "a presumption affecting the burden of producing evidence" in a negligence action.  Brown

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

claim pursuant to California Code of Civil Procedure section 377.60;[2] and third, a claim for negligent infliction of emotional distress ("NIED").

On December 4 2015, defendant filed the instant motion to dismiss and/or strike pursuant to Federal Rules of Civil Procedure 12(b)1, 12(b)(6), and 12(f). Dkt. 19 (Motion). On December 18, 2015, plaintiff opposed the motion, dkt. 20 ("Opp'n"), and on December 22, 2015, defendant filed a reply, dkt. 21 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

This action arises from the April 2013 death of decedent Edwin Hotmire, who died while admitted as a patient at the Department of Veterans Affairs hospital in Loma Linda, California (the "VA"). FAC ¶ 1, 9. Plaintiff alleges, *inter alia*, that decedent underwent an artery bypass on April 4, 2013 and subsequently experienced two heart attacks on

---

v. Poway Unified Sch. Dist., 4 Cal. 4th 820, 825 (1993) (quoting Cal. Evid. Code § 646(b)). The Court agrees with defendant and accordingly construes "counts" one and four in the FAC as a single claim brought pursuant to California Code of Civil Procedure section 377.30.

[2] Defendant argues that plaintiff's "count" for "vicarious liability, *respondeat superior*, ostensible agency and/or agency" is superfluous and should accordingly be stricken, as only the United States may be named as a defendant under the FTCA. Motion at 1, n.1 (citing 28 U.S.C. § 2679). Defendant's opposition does not mention this particular count or otherwise address the government's argument regarding its redundancy. Accordingly, the Court strikes this count from the complaint. See Billings v. United States, 57 F.3d 797, 799-800 (9th Cir. 1995) (purpose of the FTCA is "to remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and . . . instead provide that the exclusive remedy for such torts is through an action against the United States") (citation and internal quotations omitted); see also Poyer v. United States, No. 6:11-CV-03040-AA, 2013 WL 4786485, at *1 n.1 (D. Or. Sept. 3, 2013) (dismissing plaintiff's vicarious liability claim on the grounds that it was "redundant now that the United States has been substituted as the sole defendant under the FTCA.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

April 5, 2013 and April 16, 2013, respectively.  Id. ¶¶ 20-22.  Plaintiff alleges that on April 19, 2013, decedent was administered the anticoagulant heparin for his dialysis catheter, but because "the dialysis nurse did not communicate with the ICU nurse and physicians about earlier doses of heparin," decedent was given an overdose of heparin, which ultimately led to his death roughly four hours later.  See id. ¶¶ 24-29.

Plaintiff further avers that prior to decedent's death, decedent "executed two wills" both of which list plaintiff Venessa King as "the sole beneficiary."  FAC ¶ 10.  Thus,

> which ever [*sic*] will the court finds was in effect at the time of [d]ecedent's death, Venessa King is the sole beneficiary and is the beneficiary of [decedent's] estate and as such she is authorized under the California Code of Civil Procedure § 377.30 to present this claim based on the death of [decedent] as she is [decedent's] successor in interest under California Code of Civil Procedure §§ 377.11 & 377.10 and succeeds to [decedent's] interest in the action or proceeding.

Id.  Plaintiff does not allege, however, that she is related to decedent.  Rather, plaintiff states that she "had a very close relationship" with decedent and "referred to herself as his granddaughter."  Id. ¶ 74.  Decedent is alleged to have "considered [plaintiff to be] his granddaughter" and to have granted plaintiff Power of Attorney over his affairs and medical treatment.  Id.

### III.   LEGAL STANDARD

####    A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Similarly, a party may assert the ripeness issue, along with other challenges to a court's subject matter jurisdiction, as a defense pursuant to Federal Rule of Civil Procedure 12(b)(1). See St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501-02.

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

## IV. DISCUSSION

In the instant motion, defendant argues that plaintiff's survival claim fails for the following two reasons: first, because pursuant to the "probate exception" to federal jurisdiction, this Court lacks jurisdiction to determine the validity of decedent's two wills; and second, because plaintiff has failed to allege facts indicating that decedent suffered economic damages prior to his death, as required by section 377.34 of the California Code of Civil Procedure. Defendant also argues in the instant motion that plaintiff lacks standing to bring her wrongful death and NIED claims, as plaintiff does not allege in her FAC that she is related to decedent. The Court addresses the merits of these arguments in the discussion that follows.

### A. Survival Claim Pursuant to California Code of Civil Procedure § 377.30

#### 1. Federal Jurisdiction and the Probate Exception

Plaintiff alleges in her FAC that decedent "executed two wills prior to his death" and that in both of these wills, plaintiff Venessa King is named as decedent's "sole beneficiary."[3] FAC ¶ 10. However, plaintiff does not allege (1) which of these wills, if any, was ever probated; (2) which of these wills, if any, is the valid, operative will; or (3) why plaintiff, who purportedly was named as executor in the second, statutory will, did not seek to have the will probated, as would be required within thirty days of plaintiff's learning of decedent's death. See Cal. Prob. Code § 8001.[4] Rather, plaintiff

---

[3] The first will, dated June 10, 2012, appears to be a holographic will signed by decedent. FAC, Ex. A. It appears to name Jesus Rodriguez as the beneficiary of several of decedent's possessions and plaintiff as the beneficiary of the remainder of the estate. See id. The second will, dated January 29, 2013, appears to be a California Statutory Will and purportedly names plaintiff as both executor and sole beneficiary of decedent's estate. Id. However, as defendant notes, the box designated for the "Signature of Maker of Will" does not include decedent's signature; rather, it is signed by both Debra Hopp (who also signed as a witness on a different page) and by plaintiff.

[4] California Probate Code section 8001 provides as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

states that "which ever [*sic*] will the court finds was in effect at the time of Decedent's death," plaintiff is the sole beneficiary authorized under Section 377.30 to present the survival claim as decedent's successor in interest.  Id.  In the instant motion, the government first argues that under the probate exception, this Court lacks jurisdiction to determine which of decedent's two alleged wills is valid.

The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006); see also Markham v. Allen, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate.").  However, the Supreme Court has characterized the probate exception as a "narrow" one that "does not bar federal courts from adjudicating matters outside [the aforementioned] confines and otherwise within federal jurisdiction."  Marshall, 547 U.S. at 305, 311; see id. at 299 (rejecting the Ninth Circuit's reading of the exception as excluding from the federal courts' adjudicatory authority "not only direct challenges to a will or trust, but also questions which would ordinarily be decided by a probate court in determining the validity of the decedent's estate planning instrument") (citation omitted). "Although some courts apply the exception only in diversity cases, the Ninth Circuit applies the exception in federal question cases as well."  Hassanati v. Int'l Lease Fin. Corp., 51 F. Supp. 3d 887, 895 (C.D. Cal. 2014) (Morrow, J.) (citing In re Marshall, 392 F.3d 1118, 1132 (9th Cir. 2004), rev'd on other grounds, 547 U.S. 293 (2006)); see also Bruce S. Ross & Jeryll S. Cohen, California Practice Guide: Probate ¶ 3:60.25 (The Rutter Group 2013) ("There is a long-established so-called 'probate exception' to otherwise proper federal court jurisdiction: *Even where federal district court jurisdiction otherwise exists* (e.g., based on diversity of citizenship or a 'federal question'), federal courts may not exercise jurisdiction to probate or annul a will, administer a decedent's

---

Unless good cause for delay is shown, if a person named in a will as executor fails to petition the court for administration of the estate within 30 days after the person has knowledge of the death of the decedent and that the person is named as executor, the person may be held to have waived the right to appointment as personal representative.

Cal. Prob. Code § 8001.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

estate or otherwise endeavor to dispose of property in the custody of a state probate court") (emphasis added).

Here, defendant argues that plaintiff is effectively "asking this Court to determine the validity of two different wills," an inquiry that, defendant contends, implicates the probate exception and therefore warrants dismissal of the survival claim for lack of federal jurisdiction. Motion at 2-3. In her opposition, plaintiff first offers various arguments as to why the second of decedent's two alleged wills, dated January 29, 2013, purportedly "revokes all prior wills" and therefore "is decedent's only valid will." Opp'n at 3. Ultimately, however, plaintiff contends that because both wills designate her as a beneficiary, this Court need not make any determination regarding *which* of the two wills is valid. On reply, defendant rightly notes that implicit in plaintiff's argument is the assumption that one of the two wills is in fact valid and that no alternatives for the distribution of decedent's estate exist. Defendant argues that such an assumption is mistaken, as there may be other wills or heirs who will challenge these wills in a properly noticed proceeding in probate court. With this in mind, defendant contends that this Court's "determination that [either] one of these two wills is valid would foreclose these other possibilities and result in this Court acting as a probate court." Reply at 3.

It appears unclear, however, whether any such determination regarding the validity of the wills is actually necessary for purposes of determining whether plaintiff has established standing, under relevant California law, to bring this suit. In the instant action, plaintiff's negligence claim is effectively a survival action brought pursuant to California Code of Civil Procedure section 377.30 ("section 377.30"). Under section 377.30, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest" and is enforceable by the "decedent's personal representative or, if none, by *the decedent's successor in interest*." Cal. Code. Civ. P. § 377.30 (emphasis added). Unlike a cause of action for wrongful death, a survival cause of action "is not a new cause of action that vests in the heirs on the death of the decedent"; rather, it is instead "a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event." Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256, 1264 (2006) (citation omitted).

An additional provision of the California Code of Civil Procedure, section 377.32, provides that one "who seeks to commence an action or proceeding . . . as the decedent's successor in interest under [Section 377.30]" must "execute and file an affidavit or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

declaration under penalty of perjury under the laws of [California]" stating certain specific information (the "Section 377.32 affidavit"). Specifically, the Section 377.32 affidavit must include, *inter alia*, (1) the decedent's name; (2) the date and place of decedent's death; (3) an assertion that "[n]o proceeding is now pending in California for administration of the decedent's estate"; (4) an assertion that the declarant "is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding," or is otherwise authorized to act on behalf of the decedent's successor in interest; and (5) an assertion that "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." Cal. Code Civ. P. § 377.32(a),(b). Further, "[i]f the decedent's estate was administered," the declarant must produce "a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest." Id. § 377.32(a)(4).

While few courts have directly addressed the question of whether this requirement is a substantive or procedural rule of state law, "[t]hose that have done so conclude that it is a substantive state law rule." Lopez v. Cty. of Los Angeles, No. CV 15-01745 MMM MANX, 2015 WL 3913263, at *6 n.20 (C.D. Cal. June 25, 2015) (citing Anderson v. Hickman, No. CIV. S–07–1466 LKK/DAD, 2008 WL 2397470, *1 & n. 1 (E.D. Cal. June 11, 2008) (finding that "[t]he requirement [under section 377.32] that putative successors-in-interest be able to affirm the absence of pending probate proceedings suggests the existence of a substantive state law rule" and further stating that "[t]he Ninth Circuit's language in [Tatum v. City and County of San Francisco, 441 F.3d 1090, 1093 n. 2 (9th Cir. 2006)] also seems to suggest (albeit obliquely) that a successor-in-interest must comply with both the substantive requirements in section 377.30 and the procedural requirements in section 377.32")). Indeed, "federal courts have dismissed claims brought by successors in interest where the plaintiff fails to allege facts or attach documents to the complaint showing compliance with [Section 377.32]." Keiper v. Victor Valley Transit Auth., No. CV 15-00703 BRO SPX, 2015 WL 3929641, at *5 (C.D. Cal. June 25, 2015) (citing Garcia v. Adams, No. CV 04–05999 AWI, 2006 WL 403838, at *11–12 (E.D.Cal. Feb. 17, 2006) (dismissing survivorship claims because the plaintiffs failed to allege facts addressing the information required under section 377.32 or compliance with the statute's requirements); Dillard v. Curtis, No. CV 04–01449 PJH, 2004 WL 2496130, at *7 (N.D.Cal. Nov. 3, 2004) ("Although Civil Procedure Code 377.32 is a rule of California (not federal) procedure, it seems to set a minimum threshold below which a person claiming to be a 'successor in interest' should not be permitted to slip.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

    In the instant case, plaintiff appears to have satisfied the requirements of Section 377.32 by submitting the appropriate affidavit and declaring therein, under penalty of perjury, that she is decedent's "successor in interest." Some courts have treated successful compliance with Section 377.32 as sufficient to establish standing to bring a survival claim under Section 377.30. See, e.g., R.A. ex rel. Penrose v. Morris, No. 5:14-CV-0077-ODW PJW, 2015 WL 1191266, at *5 (C.D. Cal. Mar. 16, 2015) ("[T]he Court finds that Penrose's [Section 377.32] declaration establishes Plaintiff's standing as decedent's successor in interest pursuant to § 377.32 and right to damages resulting from the survival causes of action."). In light of (1) the Court's dismissal of plaintiff's survival claim on alternative grounds, discussed *infra*, that do not necessitate consideration of decedent's wills; and (2) plaintiff's apparent full compliance with section 377.32, the Court declines to conclude—at least for the limited purpose of ruling on the instant motion—that the probate exception deprives this Court of jurisdiction over this matter.[5]

### 2. Pleading Damages Recoverable in a Survival Claim

    Defendant argues that even if the probate exception does not deprive this Court of jurisdiction over plaintiff's survival action, plaintiff's claim fails nonetheless because the FAC does not plead facts establishing the plausible existence of the type of damages recoverable in a survival cause of action. Specifically, defendant argues that plaintiff

---

[5] The Court notes, however, that to the extent adjudication of plaintiff's survival claim does necessitate a decision regarding the validity of decedent's wills or any provision therein, the probate exception would likely apply and thereby bar this Court from asserting jurisdiction over plaintiff's claim. See In re Robert G. Wallace Trust, No. 2:14-CV-01876 JAM, 2014 WL 5473544, at *5 (E.D. Cal. Oct. 23, 2014) ("Because Plaintiff's claims require this Court to determine the validity of a testamentary provision, the probate exception bars federal jurisdiction."); Wisecarver v. Moore, 489 F.3d 747, 751 (6th Cir. 2007) ("These claims challenge the validity of McCamy's will . . . . These claims clearly involve the probate or annulment of a will and thus are barred by the probate exception."); Solow v. Berger, No. 10-CV-2950-JF, 2011 WL 1045098, at *2 (E.D. Pa. Mar. 22, 2011) (applying the probate exception because "for plaintiffs to recover on any claim . . . there would have to be findings that the 1996 will is invalid and that the 1994 will is valid, effectively requiring the Court to annul the 1996 will and probate the 1994 will").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

fails to state a claim because the FAC does not allege that decedent suffered economic damages between the time of the alleged negligence and the time of his death, which defendant avers are the only damages recoverable in a survival action. For reasons explained below, the Court agrees, and finds that plaintiff's survival action must be dismissed for failure to state a claim.

"Section 377.34 [of the California Code of Civil Procedure] limits damages in survival actions to the victim's pre-death economic losses." Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1104 (9th Cir. 2014) (citing People v. Runyan, 54 Cal. 4th 849, 862 (2012)). More specifically, the "damages recoverable [in a survival action] are limited to the loss or damage that the decedent *sustained or incurred before death*, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.'"[6] Cal. Code Civ. P. § 377.34 (emphasis added). Thus, recoverable damages include the "deceased['s] lost wages, medical expenses, and any other pecuniary losses *incurred before death*, [including] punitive or exemplary damages." Cnty. of Los Angeles v. Superior Court, 21 Cal.4th 292, 304 (1999) (emphasis added). Accordingly, "[i]n cases where the victim dies quickly there will often be no damage remedy at all under § 377.34." Chaudhry, 751 F.3d at 1104. This is, in part, because "surviving relatives of the decedent may [also] bring a wrongful death action [pursuant to Cal. Code. Civ. P. § 377.60] seeking 'to recover pecuniary losses cause[d] by the death, including pecuniary support the decedent would have provided them, and noneconomic damages for being deprived of the decedent's society and comfort.'" Sposato v. Elec. Data Sys., Corp., 188 F.3d 1146, 1149 (9th Cir. 1999) (citing Cal. Code Civ. P. § 377.60; Garcia v. Superior Court, 42 Cal.App.4th 177, 186-87 (Cal. Ct. App. 1996)). Together, these statutory provisions [Sections 377.34 and 377.60] preclude double recovery for the survivors of a decedent in cases where the decedent's injury is both the foundation of the decedent's cause of action in tort and the cause of the decedent's death, and also preclude recovery of noneconomic damages [e.g., pain and suffering] deemed to be personal to the decedent." Id. (citations omitted).

---

[6] Pursuant to 28 U.S.C. section 2674, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, *but shall not be liable for interest prior to judgment or for punitive damages*." 28 U.S.C. § 2674 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

In her FAC, plaintiff alleges that on April 19, 2013, decedent was negligently given an overdose of heparin at approximately 6:00 p.m. and died four hours later at approximately 10:00 p.m. FAC ¶¶ 24, 28. Plaintiff further alleges that "[a]s a direct and proximate result of Defendant's negligence, [decedent] bled to death and experienced significant pain, suffering and physical injury prior to his death," which "caused permanent disability and economic damages for which [decedent] would have been entitled to recover had he lived." Id. ¶ 53. Plaintiff also alleges that "[t]hese economic damages include but are not limited to: [1] medical expenses, [2] loss of earnings, [3] loss of employment opportunities and [4] diminished life expectancy." Id. Collectively, as defendant argues, these allegations fail sufficiently to allege that decedent suffered any damages that would be recoverable pursuant to a survival claim under sections 377.30 and 377.34. First, although medical expenses may be recoverable in a survival action, plaintiff has not plausibly alleged that any medical expenses were actually incurred by decedent during the relevant four-hour long window (or even beforehand). In fact, as defendant notes, plaintiff alleges that decedent was "entitled to medical coverage" from the VA, id. ¶ 9, and further fails to allege that the VA's alleged negligence led to any medical care or costs other than the seemingly-covered medical care provided by the VA. Second, plaintiff's FAC fails to allege that decedent, "a 74 year old male" with "longstanding non-healing ulcers of his lower extremities," id. ¶ 20, was employed at the time of his procedure such that he could have "sustained or incurred before death" any loss of earnings following defendant's alleged negligent conduct, Cal. Code. Civ. P. § 377.34. Accordingly, there is no basis upon which to assert that decedent suffered a loss of earnings between the time of the alleged negligent treatment and decedent's death.[7] Finally, loss of future employment opportunities and diminished life expectancy are not

---

[7] Plaintiff asserts in opposition to the instant motion that "at the time of his death, the decedent received income each month in the total amount of approximately $4213.00 and was indeed receiving this income up until his death and would have continued receiving this income if he had not died as a result of defendant's negligence on April 19, 2013." Opp'n at 6. This assertion is only made in plaintiff's opposition (without citation to any source), is absent from the FAC, and thus may not be considered by the Court in ruling on the instant motion. See In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d at 1537. Regardless, the Court notes that plaintiff's assertion relates more to an alleged loss of future earnings as a result of decedent's death, rather than to a loss of earnings sustained or incurred *before* decedent's death.

Case 5:15-cv-00753-CAS-DTB   Document 22   Filed 01/11/16   Page 13 of 16   Page ID #:194

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

recoverable in a survival action. Sposato v. Elec. Data Sys., Corp., 188 F.3d 1146, 1149 (9th Cir. 1999) ("Consistent with the apparent intent of the Legislature, California courts have interpreted Section 377.34 to prohibit an award of speculative, personal or noneconomic damages such as pain and suffering, emotional distress, and *loss of future earnings*.") (emphasis added) (citing Sullivan v. Delta Air Lines, Inc., 15 Cal. 4th 288, 299, 935 P.2d 781, 787 (1997)); Runyan, 54 Cal. 4th at 861-62 ("No civil claim can be asserted, on a decedent's behalf, for injury or damage to the decedent that occurs or accrues, after the decedent has died."); see also Cooper v. TriWest Healthcare All. Corp., No. 11-CV-2965-L RBB, 2013 WL 5883784, at *8 (S.D. Cal. Oct. 30, 2013) (dismissing with prejudice two survival claims upon finding that the purported damages, alleged by plaintiffs to be "based on [decedent's] diminished life expectancy which had a direct impact on [decedent's] future earning capacity," were not recoverable damages under Section 337.34).

Accordingly, plaintiff's survival claim brought pursuant to California Code of Civil Procedure section 377.30 is **DISMISSED** without prejudice.

### B.    Wrongful Death Claim Pursuant to California Code of Civil Procedure § 377.60

"In California, an action for wrongful death is governed solely by statute, and the right to bring such an action is limited to those persons identified therein." Jackson v. Fitzgibbons, 127 Cal. App. 4th 329, 334, 25 Cal. Rptr. 3d 478, 481 (2005). In the instant motion, defendant argues that plaintiff lacks standing to bring her wrongful death action because, pursuant to California Code of Civil Procedure section 377.60, a wrongful death action may only be asserted by "any of the following persons" or by the decedent's personal representative on his behalf: "The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession." Cal. Code Civ. P. § 377.60 ("Section 377.60") (listing the persons who may bring "a cause of action for the death of a person caused by the wrongful act or neglect of another"). As defendant notes, plaintiff does not cite to Section 377.60 or allege any facts establishing why she might have standing to bring a wrongful death action in this case. Specifically, plaintiff does not allege that she is actually related to decedent, nor does she allege that she was decedent's domestic partner. Instead, plaintiff alleges that she "referred to herself as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

[decedent's] granddaughter" and "had a very close relationship" with decedent, who "considered [plaintiff to be] his granddaughter." FAC ¶ 74. Such a relationship is not sufficient to establish standing to bring a wrongful death claim. See Cal. Code Civ. P. § 377.60. Furthermore, while the executor of a will can be a decedent's personal representative, Cal. Prob. Code § 58, and the statutory will attached to the FAC purports to make plaintiff the executor of decedent's will, the named executor only becomes the personal representative when appointed so by the probate court. Cal. Prob. Code § 8400 ("A person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective … [this] applies whether or not the person is named executor in the decedent's will"); see also Thomas v. Baca, No. CV 04-08448 DDP SHX, 2014 WL 2805209, at *1 (C.D. Cal. June 20, 2014) ("[A] person has no power to administer a decedent's estate until appointed by the court as personal representative.") (citing Cal. Prob. Code § 8400(b)).[8]

Notably, plaintiff's opposition to the instant motion makes no mention of her wrongful death claim at all. Accordingly, and in light of the foregoing, defendant's wrongful death claim pursuant to California Code of Civil Procedure section 377.60 is **DISMISSED** without prejudice.

### C. Negligent Infliction of Emotional Distress Claim

Under California law, "[i]n the absence of physical injury or impact to the plaintiff [her]self, damages for emotional distress should be recoverable only if the plaintiff: (1) is *closely related* to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3)

---

[8] Moreover, as defendant notes, even if plaintiff was the court-appointed personal representative, she would also have to allege that decedent had heirs (as defined by California Code of Civil Procedure section 377.60) on whose behalf she was bringing the wrongful death action. See Frary v. County of Marin, 81 F. Supp. 3d 811, 844 (N.D. Cal. 2015) ("It has long been established that the personal representative acts as a statutory trustee for the heirs, and that if there be no heir, there is no right of action in the personal representative.") (quoting Cal. State Auto Ass'n v. Jacobson, 24 Cal. App. 3d 850, 852-53 (1972)). Plaintiff's failure to make any such allegations provides additional grounds for the dismissal of her wrongful death claim for lack of standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness. Thing v. La Chusa, 48 Cal. 3d 644, 647 (1989) (emphasis added). In the FAC, plaintiff alleges that she "was present when the overdose of heparin was administered" to decedent and "was also aware that [decedent] was receiving negligent treatment," in part because she observed decedent lose blood and become unresponsive during the procedure. FAC ¶ 79. Nonetheless, defendant argues in the instant motion that plaintiff lacks standing to assert her negligent infliction of emotional distress claim because she fails to allege that she is "closely related to the injury victim," as required by California law. Thing, 48 Cal. 3d at 647. The Court agrees, and finds that plaintiff's negligent infliction of emotional distress claim must be dismissed.

As the California Supreme Court has explained, "[i]n most cases no justification exists for permitting recovery for NIED by persons who are only distantly related to the injury victim. Absent exceptional circumstances, recovery should be limited to relatives residing in the same household, or parents, siblings, children, and grandparents of the victim." Thing, 48 Cal. 3d at 668 n.10. Plaintiff's opposition to the instant motion fails to discuss her NIED claim at all; however, to the extent plaintiff might argue that her alleged relationship satisfies the requirement that she be "closely related" to decedent, or might constitute "exceptional circumstances" justifying recovery for NIED, any such argument would necessarily fail, as plaintiff must be "closely related by blood or marriage." Rodriguez v. Kirchhoefel, 128 Cal. App. 4th 427, 433 (2005) (expressly rejecting plaintiff's argument that "persons who have relationships other than blood or marital relationships may recover if 'exceptional circumstances' are present, as this argument relies upon a misconstrual of the language in Thing regarding 'exceptional circumstances'"). As the California Court of Appeals has explained in construing the relevant standard of the California Supreme Court, "recovery for NIED is limited to persons who are (1) parents, siblings, children, or grandparents of the victim, regardless of whether they reside with the victim; (2) other relatives of the victim if they reside with the victim; or (3) *other relatives of the victim*, even if they do not reside with the victim, if 'exceptional circumstances' are present." Id. (emphasis added). As plaintiff does not allege that she is "closely related [to decedent] by blood or marriage," she lacks standing to assert her negligent infliction of emotional distress claim.

Accordingly, plaintiff's negligent infliction of emotional distress claim is **DISMISSED** without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00753-CAS(DTBx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | VENESSA KING V. UNITED STATES OF AMERICA | | |

## V. CONCLUSION

In accordance with the foregoing, plaintiff's FAC is hereby **DISMISSED**, in its entirety, without prejudice.

Plaintiff shall have until **Monday, February 8, 2016** to file a second amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 03 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |